IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| IMMC CORPORATION, | : | |
| f/k/a IMMUNICON CORPORATION, *et al.*, | : | Bankr. Case No. 08-11178 (KJC) |
| | : | |
| Debtors. | : | |
| | : | |
| ROBERT F. TROISIO, as Liquidating Trustee | : | |
| of IMMC CORPORATION, | : | |
| f/k/a IMMUNICON CORPORATION, | : | Adv. Proc. No. 10-53063 (BLS) |
| | : | |
| Appellant, | : | Civ. No. 15-1043 (GMS) |
| v. | : | |
| | : | |
| EDWARD L. ERICKSON, BYRON HEWETT, | : | |
| LEON TERSTAPPEN, JAMES L. WILCOX, | : | |
| ELIZABETH E. TALLETT, J. WILLIAM | : | |
| FREYTAG, ZOLA P. HOROWITZ, JAMES | : | |
| G. MURPHY, BRIAN GEIGER, JONATHAN | : | |
| COOL, and ALLEN J. LAUER, | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM OPINION

Presently before the court is the motion (D.I. 2) ("Certification Motion") of Robert F. Troisio ("Appellant"), liquidating trustee of IMMC Corporation (f/k/a Immunicon Corporation), seeking certification of this appeal (D.I. 1) ("Appeal") directly to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A).

1.    Background[1]

   A.    The Adversary Proceeding

On June 11, 2008, the above-captioned debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code.  On November 7, 2008, the Bankruptcy Court confirmed the debtors'

---

[1] Because the court writes primarily for the benefit of the parties, the court presumes familiarity with the pertinent background facts.

plan of liquidation. Pursuant to the plan, Appellant was appointed as liquidating trustee to implement wind-down of the debtors' affairs and liquidation of the debtors' property, and also to pursue certain causes of action. On September 18, 2010, Appellant filed a complaint initiating the above-captioned adversary proceeding and asserting breach of fiduciary duty claims against the debtors' former officers and directors ("Appellees"). (*See* Adv. Proc. No. 10-53063-KJC (hereinafter "B.D.I.") 1.)

By Memorandum Order dated December 29, 2011 (B.D.I. 33), the Bankruptcy Court determined that it was without jurisdiction to decide the claims asserted in the adversary proceeding but scheduled a further hearing to consider Appellant's request that the Bankruptcy Court transfer the adversary proceeding to the District Court for the Eastern District of Pennsylvania (the "E.D.Pa. Court") pursuant to 28 U.S.C. § 1631, rather than dismiss the case for want of jurisdiction. *See Troisio v. Erickson (In re IMMC Corp.)*, Adv. No. 10-53063-KJC, 2011 WL 6832900, *4 (Bankr. D. Del. Dec. 29, 2011).

B.    Motion to Transfer the Case

Whether the Bankruptcy Court has authority to transfer the adversary proceeding to the E.D.Pa. Court is governed by 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

2

28 U.S.C. § 1631. In response to Appellant's request to transfer the case, Appellees argued that

the Bankruptcy Court lacked authority to transfer the adversary proceeding under § 1631 because

a bankruptcy court is not a "court" as defined in 28 U.S.C. § 610. Section 610 provides:

> As used in this chapter the word "courts" includes the courts of appeals and
> district courts of the United States, the United States District Court for the
> District of the Canal Zone, the District Court of Guam, the District Court of the
> Virgin Islands, the United States Court of Federal Claims, and the Court of
> International Trade.

28 U.S.C. § 610. Appellees argued that bankruptcy courts are not included in the express

language of 28 U.S.C. § 610 and that a review of legislative history demonstrates

Congressional intent to limit the transfer power of § 1631 and likewise to exclude

bankruptcy courts from the definition of "courts" under § 610. Conversely, Appellant

argued that the Third Circuit has recognized a bankruptcy court's authority to transfer

cases pursuant to § 1631 in the *Seven Fields* case, in which the Third Circuit stated in a

footnote that bankruptcy courts are units of the district courts and authorized to transfer a

case. *See Seven Fields Dev. Corp.*, 505 F.3d 237, 247 n.8 (3d Cir. 2007).

C.    The 2012 Decision

Following briefing and oral argument, the Bankruptcy Court denied the request to transfer

the adversary proceeding to the E.D.Pa. Court. *See Troisio v. Erickson (In re IMMC Liquidating

Estate)*, Adv. No. 10-53063-KJC, 2012 WL 523632, at *4 (Bankr. D. Del. Feb. 14, 2012). In

reaching its conclusion, the Bankruptcy Court noted that the footnote in *Seven Fields* was *dicta*,

and the exclusion of bankruptcy courts from the express language of §§ 1631 and 610, together

with the legislative history of those sections, casted doubt as to the Bankruptcy Court's authority

to transfer the adversary proceeding. *See id.* at *2. As part of that ruling, however, the Bankruptcy

Court granted Appellant's request for an opportunity to file a motion with this court to withdraw

the reference, as district courts are authorized under the statute to make transfers to other courts. *See id.* at *4. On February 9, 2015, this court denied Appellant's motion to withdraw the reference, concluding that because bankruptcy jurisdiction was lacking, the action was never properly "referred" to the Bankruptcy Court, and this court could not withdraw a reference that never existed. *See Troisio v. Erickson (In re IMMC Corp.)*, Civ. No. 12-406-GMS (D. Del. Feb. 9, 2015) (citing 28 U.S.C. § 157(d) ("The district court may withdraw, in whole or in part, any case or proceeding *referred under this section . . .*") (emphasis added)).

D.    The 2015 Decision

On February 19, 2015, the Trustee filed with the Bankruptcy Court a renewed motion to transfer the adversary proceeding to the E.D.Pa. Court, which cited *In re DMW Marine, LLC*, 509 B.R. 497 (Bankr. E.D. Pa. 2014) in support. (*See* B.D.I. 58.) In support of the renewed motion, Appellant also submitted a Notice of Supplemental Authority, which cited *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). (*See* B.D.I. 64.) Following oral argument (*see* B.D.I. 65), the Bankruptcy Court denied the renewed motion and dismissed the complaint, finding that neither of the decisions cited by Appellant addressed the transfer issue and that the Bankruptcy Court "remain[ed] convinced that the express language and legislative history of § 610 support the proposition that Congress did not intend to include bankruptcy courts in the definition of 'courts.'" *See Troisio v. Erickson (In re IMMC Liquidating Estate)*, Adv. No. 10-53063-KJC, 2015 WL 6684638, at *2 (Bankr. D. Del. Oct. 30, 2015) (the "2015 Decision").

On November 11, 2015, Appellant filed a notice of appeal of the 2012 Decision and the 2015 Decision. (*See* B.D.I. 70.) On the same day, Appellant filed the Certification Motion. (*See* B.D.I. 72; D.I. 2.) The Certification Motion states that the question presented is "Whether bankruptcy judges have the authority to order a transfer of an adversary proceeding pursuant to 28

4

U.S.C. § 1631." (*See* D.I. 2 at 1.)  The court considers the relief sought in the Certification Motion pursuant to Federal Rule of Bankruptcy Procedure 8006(b) and (d).[2]

2.    Parties' Contentions

With respect to the Certification Motion, Appellant contends that certification is required because each of the criteria of 28 U.S.C. § 158(d)(2)(A) is met. (*See* D.I. 2 at 4.) First, Appellant argues that there is no controlling decision of the Supreme Court or the Third Circuit adjudicating a bankruptcy court's right to transfer a case pursuant to § 1631. (*See* D.I. 6 at 2.)  Appellant further argues that "resolution of conflicting decisions also detailed in the parties' submissions and [the Bankruptcy] Court's orders" is required. (*See* D.I. 2 at 4.)[3]  Appellant further contends that a direct appeal to the Third Circuit will advance the progress of the case by avoiding intermediate appeal in this court. (*See id.*)

Conversely, Appellees argue that certification should be denied because the issue on appeal does not meet any of the statutory criteria set forth in 28 U.S.C. § 158(d)(2)(A). (*See* D.I. 5 at 5.)  Appellees argue that direct appeals are not intended for circumstances where a statute is clear, but rather to "settle unresolved questions of law."  (*See id.*) Appellees argue that the statutes are clear and unambiguous and constitute controlling authority in themselves, obviating the need for appellate interpretation.  (*See id.*)

---

[2] Fed. R. Bankr. P. 8006(d) provides "Only the court where the matter is pending, as provided in subdivision (b), may certify a direct review on request of parties . . . " *See* Fed. R. Bankr. P. 8006(d).  Fed. R. Bankr. P. 8006(b) provides that any certification must be filed with the clerk of the court where the matter is pending, and, for purposes of this rule, a matter remains pending in the bankruptcy court for 30 days after the effective date of the first notice of appeal (pursuant to Fed. R. Bankr. P. 8002) for which direct review is sought, and is thereafter pending in the district court. *See* Fed. R. Bankr. P. 8006(b).

[3] Appellant does not cite any specific conflicting decisions in the Certification Motion and appears to simply refer to its prior arguments made in support of the motion to transfer (B.D.I. 58.)

Appellees further argue that the only reported case in the Third Circuit on the issue, *In re Grocott*, 507 B.R. 816, 823 n.25 (E.D. Pa. 2014), affirmed the Bankruptcy Court's 2012 and 2015 decisions that it lacked authority to transfer the case, and that the Third Circuit's footnote in *Seven Fields* is not a holding and thus the decision is not precedential. (*See id.* at 13-14.) Finally, Appellees argue that direct appeal will not materially advance the case because the case has been dismissed, and Appellant's argument that direct appeal will avoid expenses and delay could be made by any party to any appeal. (*See id.* at 16.)

3.    Legal Standards

Pursuant to 28 U.S.C. § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). Motions for direct appeal to the court of appeals are governed by 28 U.S.C. § 158(d)(2), which provides that a district court may certify a final order for immediate appeal to a federal court of appeals. In accordance with section 158(d)(2)(A) and (B), certification is mandatory if the court determines that any of the following exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). Subsection 158(d)(2)(B) provides that certification to the Third Circuit Court of Appeals is mandatory if the court determines that circumstances specified in (i), (ii), or

(iii) of subparagraph (A) exists. 28 U.S.C. § 158(d)(2)(B); *In re Tribune Co.*, 477 B.R. 465, 470 (Bankr. D. Del. 2012) (construing 158(d)(2)(B)). "While the section contains three subparts, there are actually four disjunctive criteria as subpart (i) sets forth two separate benchmarks for certification." *In re Millennium Lab Holdings, II, LLC*, No. 15-12284-LSS, 2016 WL 155500, *4 (Bankr. D. Del. Jan. 12, 2016).

4.  Analysis

Upon consideration of the parties' arguments as set forth in the briefs, the 2012 Decision and 2015 Decision, the statutes at issue, and applicable precedent, the court concludes that certification to the Third Circuit is required under 28 U.S.C. § 158(d)(2)(A)(i).

A.  Controlling Decision

Certification of the appeal is mandatory where "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States." 28 U.S.C. § 158(d)(2)(A)(i). "A 'controlling decision' of the Third Circuit for the purposes of § 158(d)(2)(A)(i) is one that admits of no ambiguity in resolving the issue." *Stanziale v. Car-Ber Testing, Inc.* (*In re Conex Holdings, LLC*), Civ. No. 14-179-LPS (D. Del. March 23, 2015) (citing *In re Goody's Family Clothing, Inc.*, Civ. No. 09-409-RMB, 2009 WL 2355705 at *5 (D. Del. Jul. 30, 2009)). Appellant argues that neither the Bankruptcy Court nor the Appellees cite to a controlling decision from the Supreme Court or the Third Circuit adjudicating a bankruptcy court's authority to transfer a case pursuant to 28 U.S.C. § 1631, and, therefore, the appeal must be certified. (*See* D.I. 6 at 2.)

Appellees argue that "there is controlling authority in the form of unambiguous statutory language that bankruptcy courts have no power to transfer cases under Section 1631 because bankruptcy courts are not one of the 'courts' identified in Section 610." (*See* D.I. 5 at 1.)

7

Appellees argue further that "Courts consistently hold that certification is not warranted where, as here, the plain meaning of operative statutory language requires no further appellate interpretation." (*See* D.I. 5 at 6.) In support of this argument, Appellees cite two cases: *In re Fisker Automotive Holdings, Inc.*, Civ. No. 14-99-GMS, 2014 WL 576370, *4 (D. Del. Feb. 12, 2014), and *In re Am. Home Mortg. Inv. Corp.*, 408 B.R. 42, 44 (D. Del. 2009). (*See* D.I. 5 at 6-7.) Appellees argue that in *Fisker*, this court denied certification on the issue of whether bankruptcy courts are authorized to limit or deny a secured creditor's right to credit bid on the basis that there was "controlling authority" in the form of 11 U.S.C. § 363(k), which expressly authorizes bankruptcy courts to outright deny a lender the right to credit bid as long as denial is "for cause." (*See id.*) However, the court's decision in *Fisker* did not rest on the statutory language alone. There, the court noted that, "[c]onsistent with the statutory language [of § 363(k)], the Third Circuit explained in *Philadelphia Newspapers* that the 'for cause exception to credit bidding' is entirely within a Bankruptcy Court's authority." *See Fisker*, 2014 WL 576370, at *2 (citing *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 315-16 (3d Cir. 2010)). In denying certification under 28 U.S.C. § 158(d)(2)(A)(i), the court expressly stated: "The Third Circuit's decision *Philadelphia Newspapers* opinion is a 'controlling decision.'" *See Fisker,* 2014 WL 576370 at *3.

Appellees also rely on *American Home Mortgage*, arguing that the Bankruptcy Court there "declin[ed] certification where [the] issues required a straightforward interpretation of New York state law, the Bankruptcy Code, and the Federal Rules of Civil Procedure." (*See* D.I. 5 at 7) (citing *American Home Mortgage,* 408 B.R. at 44). In *American Home Mortgage*, the court indeed denied certification, but on a different basis than Appellants argue here. There, the court found that mixed questions that implicate the particular circumstances of the case are not pure

8

legal questions warranting direct certification. *See American Home Mortgage*, 408 B.R. at 44. The court further found that "the issues identified for appeal appear to relate to a direct application of New York State law and/or certain provisions of the Bankruptcy Code and the Federal Rules of Civil Procedure to the facts and circumstances present here. In these circumstances, the Court cannot conclude that certification is warranted." *See id.; see also Tribune*, 477 B.R. at 472 (questions of law that were not pure legal issues or that involved application of state law were not appropriate for direct appeal to Third Circuit); *Bepco LP v. Globalsantafe Corp. (In re 15375 Memorial Corp.),* Civ. No. 08-313-SLR, 2008 WL 2698678, *1 (D. Del. July 3, 2008) (declining certification where issues were fact intensive and involved application of state law).

  With respect to the question of law arising under §§ 610 and 1631, the court is not persuaded by Appellees' argument that the statutes themselves satisfy the "controlling decision" prong set forth in 28 U.S.C. § 158(d)(2)(A)(i) simply because Appellees view the language as unambiguous. (*See* D.I. 5 at 7.) In the instant case, the Bankruptcy Court's decision to deny transfer clearly did not rest on "the plain meaning of operative statutory language" alone. Rather, the Bankruptcy Court cited the legislative history of both statutes as a basis for its holding. *See IMMC*, 2012 WL 523632 at *2 ("the express language of §§ 1631 and 610, together with the legislative history, casts doubt about this Court's authority to transfer an action."); *IMMC*, 2015 WL 6684638 at *2 ("I remain convinced that the express language and legislative history of § 610 support the proposition that Congress did not intend to include bankruptcy courts in its definition of 'courts'").

  The question of whether bankruptcy courts are included in the definition of "courts" under § 610 for purposes of § 1631 is a pure question of law. After reviewing the case law cited

by the parties, the court finds no controlling decision of the Third Circuit or of the Supreme

Court adjudicating the issue. In the renewed motion to transfer, Appellant argued that there is

controlling precedent in the Third Circuit, stating "[t]he Third Circuit's analysis in *Schaefer*,

together with its statement in *Seven Fields*, provided the [Bankruptcy] Court with ample

authority to order a transfer pursuant to § 1631." (*See* B.D.I. 58 at 7-8.) In *Seven Fields*, the

Third Circuit appeared to recognize a bankruptcy court's authority to transfer cases pursuant to §

1631:

> [W]hen a civil action is filed with a district court (of which the bankruptcy court is a
> unit) with a want of jurisdiction the court shall in the interest of justice transfer the case
> to a court in which it could have been filed originally. Thus, if the bankruptcy clerk
> thought that the removal should have been to the district court, he almost certainly
> would have sent the removal notice to that court which then would have referred it back
> to the bankruptcy court pursuant to the general referral order.

*Seven Fields*, 505 F.3d at 247 n.8. The language above, however, is *dicta* which appears in a

footnote, and the Bankruptcy Court noted that while *dicta* in the higher court's opinion is often

instructive and persuasive, the exclusion of bankruptcy courts from the express language of §§

1631 and 610, together with the legislative history, threw into question its authority to transfer

the action. *See IMMC*, 2012 WL 523632 at *2. The court agrees with Appellees that the

guidance set forth in *Seven Fields* is *dicta* that does not render the case a controlling decision of

the Third Circuit. *See In re Friedman's, Inc.*, 738 F.3d 547, 552 (3d Cir. 2013) (a determination

not necessary to ultimate holding is *dictum*).

Appellant also cites to the Third Circuit's decision in *Schaefer*, which addressed the issue

of whether bankruptcy courts are considered "courts of the United States" under 28 U.S.C. § 451

for purposes of authorizing sanctioning powers under 28 U.S.C. § 1927. *See In re Schaefer Salt*

*Recovery, Inc.*, 542 F.3d 90, 105 (3d Cir. 2007). In *Schaefer*, the Third Circuit stated: "We find

that although a bankruptcy court is not a 'court of the United States' within the meaning of §

10

451, it is a unit of the district court, which is a 'court of the United States' and thus the

bankruptcy court comes within the scope of § 451." *See id.* at 105. However, the statutory

language at issue there differed significantly, and defined "a court of the United States" to

include "the Supreme Court of the United States, courts of appeals, district courts constituted by

chapter 5 of [Title 28], including the Court of International Trade and any court created by Act of

Congress the judges of which are entitled to hold office during good behavior." *See* 28 U.S.C. §

451. Because *Schaefer* considered a different statutory scheme entirely, it is not a controlling

decision of the Third Circuit on the question of law concerning §§ 1631 and 610.

The only other Third Circuit decision cited by the parties is *Oscar v. Bank One*, in which

the Third Circuit simply noted that a bankruptcy court had transferred an adversary proceeding to

the district court pursuant to 28 U.S.C. § 1631 after dismissing the underlying bankruptcy

proceeding. *See Oscar v. Bank One, N.A.*, 223 Fed. Appx. 164, 165 (3d Cir. 2007). That

decision did not address the merits of whether the transfer was appropriate. *See id.* Moreover, it

appears that the bankruptcy court did not in fact transfer that case to the district court; rather, it

appears that the reference was withdrawn upon agreement of the parties so that the case could

proceed before the district court. (*See* B.D.I. 59, Exh B.) Finally, the Third Circuit's decision in

*Oscar v. Bank One* is unreported and nonprecedential. *See Goody's*, 2009 WL 2355705 at *2

(noting that unreported nonprecedential opinion applied only to parties of that particular case).

Finally, none of the United States Supreme Court cases cited by the parties address this

question of law and thus are not controlling decisions. Appellees argue that "[t]he Supreme

Court has rejected the contention that bankruptcy courts are "district courts of the United States"

as well as their characterization as "adjuncts" of the district courts. (*See* D.I. 5 at 10) (citing

*Stern v. Marshall*, 131 S. Ct. 2594, 2618-41 (2011) and *Northern Pipeline Constr. Co. v.*

*Marathon Pipe Line Co.*, 458 U.S. 50, 91 (1982) (J. Rehnquist concurring).  However, neither of those cases addressed this issue in the context of §§ 1631 or 610.  Appellant previously cited the Supreme Court case *Wellness Int'l Network, Ltd v. Shariff*, 135 S. Ct. 1932 (2015) in support of his renewed motion to transfer, but that case does not address this question of law either.

For the reasons set forth above, the court concludes that the appeal raises a question of law as to which there is no controlling decision of the Third Circuit or of the Supreme Court, and thus certification is required under 28 U.S.C. § 158(d)(2)(A)(i).

B.  Public Importance

Appellant argues that the issue of whether a bankruptcy court has authority to transfer a case pursuant to § 1631 "is a matter of public importance given the conflicting analyses in opinions by courts addressing the issue as detailed in the parties' submissions and the [Bankruptcy Court's] orders." (*See* D.I. 2 at 3.)  Appellant argues that "a prompt appellate adjudication would serve the public interest in delineating the scope of authority granted to bankruptcy courts and settling the question of whether bankruptcy judges come within the definition of 'courts.'" (*See id.* at 3-4.)  Conversely, Appellees argue that the appeal concerns a dispute between private litigants involving straightforward statutory interpretation and does not implicate any broad public policy concerns. (*See* D.I. 5 at 1-2).  Appellees argue that the fact that Appellant disputes the Bankruptcy Court's interpretation of §§ 1631 and 610 does not raise a private dispute to a matter of public import. (*See id.* at 2.)

Courts have interpreted the "public importance" prong of 28 U.S.C. § 158(d)(2)(A)(i) narrowly. *See In re Nortel Networks Corp.*, No. 09-10138-KG, 2010 WL 1172642, *1 (Bankr. D. Del. Mar. 18, 2010).  To constitute a matter of "public importance," the issue on appeal must transcend the litigants and involve a legal question, the resolution of which will advance the

12

cause of jurisprudence to a degree that is usually not the case." *Am. Home Mortgage*, 408 B.R. at 44. An appeal that impacts only the parties, and not the public at large, is not "a matter of public importance." *See Goody's*, 2009 WL 2355705, at *2. The court is not persuaded that the question of law at hand implicates any broad public policy concerns and certification is not appropriate on this basis.

    C. Resolution of Conflicting Decisions

        Appellees argue that the appeal does not raise a question of law requiring resolution of conflicting decisions within the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A)(ii). (*See* D.I. at 5.) As set forth above, Appellees argue that the Third Circuit's guidance in *Seven Fields* is *dicta* and is therefore not a holding and not binding authority. *Oscar* is non-precedential and is therefore not a conflicting decision that requires "resolution" by the Third Circuit. *See Goody's,* 2009 WL 2355705, *2 (noting nonprecedential opinion requires no resolution by Third Circuit). Appellees argue that the only other case in this circuit to address the issue is *Grocott*, and the court there agreed with the Bankruptcy Court's holding. *See In re Grocott*, 507 B.R. 816, 823, n.25 (E.D. Pa. 2014) (citing *IMMC*, 2012 WL 523632, at *2).

        While Appellant argues on the one hand that each of the criteria of 28 U.S.C. § 158(d)(2)(A) are met, Appellant does not appear to cite to any conflicting decisions within this circuit. Appellant did cite *DMW Marine* in support of the renewed motion to transfer, wherein the Bankruptcy Court for the Eastern District of Pennsylvania stated: "While § 1631 does not expressly authorize bankruptcy courts to transfer cases, *see* 28 U.S.C. § 610, under the logic of *Schaefer Salt Recovery*, the bankruptcy court may possess that authority in its capacity as a unit of the district court." *In re DMW Marine, LLC*, 509 B.R. 497, 512 n.28 (Bankr. E.D. Pa. 2014). However, a review of that case shows that the court there merely considered the § 1631 issue in

13

*dicta*, querying whether it had had authority to transfer the case under *Seven Fields* and *Schaefer*, but ultimately decided not to invoke that statute. *See id.* With respect to the cases cited by Appellant outside of this circuit, "the Third Circuit is not empowered to resolve conflicting decisions between circuits." *See Goody's,* 2009 WL 2355705, *2 (internal quotation marks omitted); *In re General Motors*, 409 B.R. 24, 29 (Bankr. S.D.N.Y. 2009) (decisions from outside circuit are not a basis for § 158(d)(2) review).

The court notes that several decisions within this circuit reflect uncertainty among the bankruptcy courts regarding their authority, if any, to transfer a case pursuant to § 1631.[4] However, Appellant has failed to identify any conflicting decisions that would require resolution within the Third Circuit, and thus certification is not appropriate on this basis.

D. Advancing the Case

The court does not accept Appellant's argument that permitting the appeal to proceed directly to the Third Circuit will materially advance this case. Appellant simply argues that "if an intermediate appeal is taken to the District Court, there is a likelihood that the losing party will appeal to the Third Circuit, resulting in additional expenses, duplication of judicial resources, and delay caused by a dual appellate process." (*See* D.I. 2 at 4.) However, as noted by the Appellees, any litigant could maintain that skipping district court review in the appeal

---

[4] *See e.g.*, *Grocott*, 507 B.R. at 823 ("The Third Circuit has discussed a bankruptcy court's authority to transfer cases ... in *dicta* only. For this reason, bankruptcy courts have been hesitant to use § 1631 to permit a transfer to federal court. This alone would be a valid reason for a bankruptcy court to decline to transfer a case pursuant to § 1631.") (footnotes omitted); *In re Vicente*, 260 B.R. 354, 360 n.11 (Bankr. E.D. Pa. 2001) ("While the Third Circuit Court of Appeals in *McLaughlin v. ARCO Polymers, Inc.,* 721 F.2d 426, 429 (3d Cir. 1983) noted legislative history which states that § 1631 'is broadly drafted to allow transfer between any two federal courts,' . . . my research failed to uncover any case where the bankruptcy court was the transferor court. Section 1631 speaks of a court within the definition of 28 U.S.C. § 610. Whether the bankruptcy court is a court within the definition of § 610 for the purposes of § 1631 is not readily answered and beyond the scope of this opinion.") (internal citations omitted).

process may expedite final resolution. (*See* D.I. 5 at 3.)  Thus, the court is not satisfied that 28

U.S.C. §158(d)(2)(A)(iii) is met under these circumstances.

5.    <u>Conclusion</u>

For the foregoing reasons, the court will grant Appellant's Certification Motion pursuant

to 28 U.S.C. § 158(d)(2)(A)(i).

January 26, 2016                                      UNITED STATES DISTRICT JUDGE